**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS L. ALLEN,

    Plaintiff,

v.                                            Case No:   6:23-cv-1115-RBD-LHP

PRIMAL VANTAGE COMPANY,
INC. and WALMART INC.,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S SHORT-FORM MOTION TO COMPEL DISCOVERY FROM DEFENDANT PRIMAL VANTAGE COMPANY, INC. AND MOTION FOR SANCTIONS (Doc. No. 43)
>
> **FILED:** November 7, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

This case concerns Plaintiff's alleged use of an "Ameristep" model ASSL-125 20-foot stick ladder, purchased from Walmart in 2019, to climb a tree in order to

reach a hunting tree stand, during which climb the stick ladder broke, causing Plaintiff to fall and suffer injuries. Doc. No. 46 ¶¶ 18–22. By the above-styled motion, Plaintiff moves to compel Defendant Primal Vantage Company Inc. ("PVC") to respond to several discovery requests relating to the subject stick ladder, and several as it relates generally to the "Ameristep" model ASSL-125. Doc. No. 43; *see also* Doc. No. 43-1 (first requests for production); Doc. No. 43-2 (second requests for production); Doc. No. 43-3 (interrogatories). PVC responded to all requests related to the subject stick ladder and the "Ameristep" model ASSL-125 in general with the same objection:

> Defendant objects on the basis that the request is premature and discovery is in its infancy. Defendant further objects on the basis that it has not had an opportunity to inspect the subject product to confirm the correct model and year and has insufficient information to respond to this request.

*See* Doc. Nos. 43-1, 43-2, 43-3. PVC opposes Plaintiff's motion to compel, maintaining that the discovery requests are improper until PVC inspects the stick ladder and confirms its identity. Doc. No. 44.[1]

---

[1] Although the discovery responses also argue that the discovery requests are premature because "discovery is in its infancy," PVC appears to have abandoned this objection in its response briefing. *See* Doc. Nos. 44, 47. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned). In any event, this contention is unpersuasive, as discovery commenced approximately four months ago, *see* Doc. No. 30, and only about six months in the discovery period remain, *see* Doc. No. 33.

Upon review of the motion and response, the Court ordered supplemental briefing from the parties, to specifically address, <u>with citation to legal authority</u>, the following:

> (1) Whether confirmation of the "identity of the product" is required prior to permitting discovery into the allegations of the complaint, or alternatively, whether the allegations in the complaint that Plaintiff's injuries were caused by an "'Ameristep' model ASSL-125 20-foot stick ladder" purchased in 2019 are sufficient to support the discovery sought without "identity of the product" first.
>
> (2) Assuming inspection/identification is required prior to permitting discovery, who bears the burden of ensuring the inspection/identification is complete.
>
> (3) What efforts the parties have undertaken since the last email communication provided to the Court from September 11, 2023 (*see* Doc. No. 44-5), to identify the make and model of the subject stick ladder.
>
> (4) Why inspection/identification would be required as to the discovery requests that are not directly targeted to the specific "Ameristep" model ASSL-125 20-foot stick ladder purchased by Plaintiff in 2019.

Doc. No. 45. Both parties timely submitted their supplemental briefing. Doc. Nos. 47–48.

In its briefing, PVC submits that until Plaintiff establishes that the subject stick ladder was manufactured by PVC, relevance of the discovery requests has not

---

Accordingly, the "discovery is in its infancy" objection is not further addressed herein.

- 3 -

been established. Doc. No. 47, at 3–5. However, other than citing to the general standards governing relevancy, PVC cites no legal authority supporting its proposition. *See id.* Further, PVC argues that "Plaintiff cannot rely on the allegations of the Complaint solely to establish that the product at issue is an ASSL-125 20-foot stick ladder," again without citation to legal authority in support. *Id.* at 6. PVC also says that it still has not conducted an inspection of the subject stick ladder, [2] but that it is "currently working with Plaintiff on scheduling an inspection." *Id.* And despite several of the discovery requests seeking discovery generally into the "Ameristep" model ASSL-125 20-foot stick ladder and not the specific stick ladder from which Plaintiff allegedly fell, *see, e.g.*, Doc. No. 43-1 ¶¶ 8–10, 13, 15, 17, 21–25, 27–28, 30, 33–34; Doc. No. 43-2 ¶¶ 1–5; Doc. No. 43-3 ¶¶ 5–6, 9–10, 13–15, PVC also maintains that almost all of the discovery requests relate to the specific stick ladder at issue. Doc. No. 47, at 7.

For his part, Plaintiff candidly admits that there is a lack of legal authority regarding whether inspection of the product is required before discovery may

---

[2] It is not entirely clear to the Court why PVC did not ask to inspect the subject stick ladder prior to serving its discovery responses. PVC asked for a photograph, Plaintiff provided three on August 14, 2023, but PVC contends those photographs were insufficient to determine whether the stick ladder was its product. Doc. No. 44, at 2; Doc. No. 44-5, at 2; Doc. No. 47, at 1. PVC also asked Plaintiff if the stick ladder contained any markings or labels, to which Plaintiff responded that it did not. Doc. No. 44-5, at 3, 5.

commence, but Plaintiff argues that, practically, the allegations of the complaint should suffice because discovery will lend support for Plaintiff's allegations that the subject stick ladder is an "Ameristep" model ASSL-125, and that to preclude discovery on this issue prior to inspection/identification would effectively preclude product-liability-plaintiffs from obtaining discovery necessary to prove their case. Doc. No. 48, at 2–3. Plaintiff further argues that its discovery requests and interrogatories seek relevant information because they may assist in identifying the product, disprove PVC's denial that it is the manufacturer, and assist with expert discovery. *Id.* at 3. Plaintiff says that PVC failed to ask to inspect the subject stick ladder until after the Court issued the supplemental briefing order (November 15, 2023), and Plaintiff has informed PVC that the subject stick ladder can be made available for inspection at counsel's office "at any time." *Id.* at 6. Even so, Plaintiff argues that identification of the stick ladder has no bearing on the scope of discovery, as the discovery sought is still relevant. *Id.* at 7–9.

Upon review, the Court is not convinced that inspection/identification of the subject stick ladder is required to render the discovery sought by Plaintiff relevant, particularly given PVC's failure to cite any legal authority in support of this argument. *See* Doc. Nos. 44, 47. In essence, PVC wishes to require Plaintiff to prove his case and/or negate PVC's affirmative defenses prior to commencing discovery in this case, which is not the standard. *See id.*; *see also Oppenheimer Fund,*

- 5 -

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case"); *cf. Zamperla, Inc. v. I.E. Park SrL*, No. 6:13-cv-1807-Orl-37KRS, 2014 WL 12614505, at *12 (M.D. Fla. Nov. 3, 2014) (rejecting objection, which, if sustained, would have required the plaintiff to prove its Lanham Act claim before conducting discovery regarding that claim, "which is contrary to the procedures for discovery in the Federal Rules of Civil Procedure").

Inspection/product identification is the only objection PVC addresses in response to the discovery. *See* Doc. Nos. 44, 47; *see also* Doc. Nos. 43-1, 43-2, 43-3. Thus, all other objections have been waived. *See Abruscato v. GEICO Gen. Ins. Co.*, No. 3:13-cv-962-J-39JBT, 2014 WL 12617735, at *1 (M.D. Fla. May 7, 2014) ("In general, objections not made in responses to discovery requests are normally waived." (citing *Morock v. Chautauqua Airlines, Inc.*, No. 8:07–cv–210–T–17MAP, 2007 WL 4247767, at *4 (M.D. Fla. Dec. 3, 2007)); *see also Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned). And as discussed above, PVC has now requested inspection, *see* Doc. No. 47, at 6, which Plaintiff will facilitate, *see* Doc. No. 48, at 6. So, Plaintiff's motion will be granted for the most part, as set forth below. However, the Court declines to award

Plaintiff fees and costs in this instance. *See* Doc. No. 43, at 3; Fed. R. Civ. P. 37(a)(5)(A)(iii).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Short-Form Motion to Compel Discovery from Defendant Primal Vantage Company, Inc. and Motion for Sanctions (Doc. No. 43) is **GRANTED in part and DENIED in part**.

2. PVC shall have **fourteen (14) days** from the date of this Order, should it choose to do so, to complete an inspection of the subject stick ladder at the office of counsel for Plaintiff, the date and time of said inspection to be coordinated with counsel for Plaintiff.

3. Within **twenty-one (21) days** from the date of this Order, PVC shall respond to Plaintiff's discovery requests (Doc. Nos. 43-1, 43-2, 43-3) in full. All objections, besides the identity of the product, have been waived. *See Abruscato*, 2014 WL 12617735, at *1; *Jackson*, 2006 WL 213860, at *1.

4. Plaintiff's request for fees and costs is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties