**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS L. ALLEN,

    Plaintiff,

v.                                            Case No:   6:23-cv-1115-RBD-LHP

PRIMAL VANTAGE COMPANY,
INC. and WALMART INC.,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S SECOND SHORT-FORM MOTION TO COMPEL DISCOVERY FROM DEFENDANT PRIMAL VANTAGE COMPANY, INC. AND MOTION FOR SANCTIONS (Doc. No. 66)**
>
> **FILED:** January 18, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

This case concerns Plaintiff's alleged use of an "Ameristep" model ASSL-125 20-foot stick ladder, purchased from Walmart in 2019, to climb a tree in order to reach a hunting tree stand, during which climb the stick ladder broke, causing

Plaintiff to fall and suffer injuries.  Doc. No. 46 ¶¶ 18–22.  Previously, Plaintiff filed a motion to compel Defendant Primal Vantage Company Inc. ("PVC") to respond to several discovery requests relating to the subject stick ladder, and several as it relates generally to the "Ameristep" model ASSL-125.  Doc. No. 43; *see also* Doc. No. 43-1 (first requests for production); Doc. No. 43-2 (second requests for production); Doc. No. 43-3 (interrogatories).  PVC had objected to the discovery requests on two bases: (1) that the requests were premature because discovery was in its infancy, and (2) PVC had not had an opportunity to inspect the subject product to confirm the correct model and year, and therefore had insufficient information to respond to the discovery.  Doc. Nos. 43-1, 43-2, 43-3.  And PVC opposed the motion to compel, maintaining that the discovery requests were improper until PVC inspected the stick ladder and confirmed its identity.  Doc. No. 44.[1]

Upon consideration, and after supplemental briefing from the parties, the Court found that PVC had failed to demonstrate that inspection/identification of the subject stick ladder was required to render the discovery sought relevant.  Doc. No. 49.  In particular, the Court found that PVC was in effect attempting to "require Plaintiff to prove his case and/or negate PVC's affirmative defenses prior

---

[1] PVC abandoned its "discovery is in its infancy" objection.  *See* Doc. No. 49, at 2 n.1.

to commencing discovery in this case, which is not the standard." *Id.* at 5. However, Plaintiff had agreed to allow inspection of the subject stick ladder, so the Court granted the motion to compel for the most part. *Id.* at 6–7. By Order dated November 21, 2023, the Court ordered that PVC had fourteen (14) days from that date to complete an inspection of the subject stick ladder, and twenty-one (21) days from the date of the Order to respond to Plaintiff's discovery requests. *Id.* at 7. The Court ordered that all objections, besides the identity of the product, had been waived. *Id.* However, the Court declined to award Plaintiff fees and costs. *Id.*

Ten (10) days after that Order, PVC's counsel withdrew, with PVC's consent. Doc. Nos. 55–56. On December 28, 2023, new counsel appeared on PVC's behalf. Doc. No. 61.

On January 18, 2024, Plaintiff filed the above-styled second motion to compel. Doc. No. 66. According to the motion, PVC inspected the subject stick ladder on January 4, 2024 – approximately one month after the Court-ordered deadline – and has wholly failed to produce any responses to the discovery, documents, or interrogatory answers. *Id.* at 1–2 & n.1.[2] So, Plaintiff moves to compel compliance

---

[2] According to the motion, based on conversations with both PVC's past and current counsel, Plaintiff expects that PVC will deny the subject stick ladder is an "Ameristep" model ASSL-125, and thus will wholly object to producing any responsive discovery on this basis. Doc. No. 66, at 2. However, given that PVC has yet to respond to the discovery, this assertion is speculative at this time.

with the November 21, 2023 order, and for an award of fees and costs under Federal Rule of Civil Procedure 37. *Id.* at 2–3.

PVC has not responded to the motion, and its time for doing so has passed. *See* Doc. No. 34 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).[3] Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

---

[3] On January 22, 2024, PVC filed a "Motion for Extension of Time to Comply with Court's November 21, 2023 Order." Doc. No. 67. The Court denied that motion without prejudice for failure to comply with Local Rule 3.01(a) or demonstrate good cause/excusable neglect under Federal Rule of Civil Procedure 6(b)(1). Doc. No. 68. PVC has not renewed the request.

Upon review of the unopposed motion, and given that PVC failed to comply with the November 21, 2023 Order, the Court finds Plaintiff's motion to compel compliance with that Order well taken. The Court further finds sanctions under Rule 37 for failure to comply with a Court Order warranted. *See* Fed. R. Civ. P. 37(b). Plaintiff only requests fees, Doc. No. 66, and that is what the Court will award at this stage. *See* Fed. R. Civ. P. 37(b)(2)(C).[4]

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Second Short-Form Motion to Compel Discovery from Defendant Primal Vantage Company, Inc. and Motion for Sanctions (Doc. No. 66) is **GRANTED**.

2. On or before **January 31, 2024**, PVC must respond **in full** to all of Plaintiff's outstanding discovery requests. *See* Doc. Nos. 43-1, 43-2, 43-3.

3. **All** objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006)

---

[4] Because Plaintiff only requests fees in the motion, that is the only sanction the Court has considered at this time. However, there is a panoply of sanctions the Court may award for failing to comply with Court Orders. *See* Fed. R. Civ. P. 37(b)(2)(A). Given what appears to be willful non-compliance with the November 21, 2023 Order by PVC, **PVC is cautioned that non-compliance with this Order will result in further sanctions.** *See id.*

(objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4. On or before **February 7, 2024**, counsel for Plaintiff and PVC shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Plaintiff for the filing of the present motion. The parties shall file a joint notice of the amount agreed upon by **5:00 p.m. on February 8, 2024**. If the parties are unable to reach an agreement by that time, Plaintiff shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion. That motion should be filed on or before **February 15, 2024**.

5. **PVC is cautioned that failure to comply with this Order will result in further sanctions.** *See* **Fed. R. Civ. P. 37(b)(2)(A).**

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 6 -